388 A.2d 744

BOARD OF JUDGES, COURT OF COMMON PLEAS OF BUCKS COUNTY, SEVENTH JUDICIAL DISTRICT of Pennsylvania, by its President Judge, Lawrence A. Monroe, Appellant,

v.

BUCKS COUNTY COMMISSIONERS, George M. Metzger, Chairman, Bucks County Register of Wills, Bucks County Sheriff, Bucks County Clerk of Courts, Bucks County Prothonotary, American Federation of State, County and Municipal Employees, AFL–CIO, District 88, Pennsylvania Labor Relations Board.

Supreme Court of Pennsylvania.

Argued Oct. 18, 1977.

Decided July 14, 1978.

458

Robert M. Crooks, for appellants at No. 367.

James F. Wildeman, James L. Crawford, Harrisburg, for Pennsylvania Labor Relations Bd.

Richard Kirschner, Philadelphia, for intervenor, AFL-CIO.

Marvin Comisky, Alan C. Gershenson, Kenneth F. Kahn, Andrea B. Wapner, Philadelphia, Jonathan Vipond, III, Harrisburg, for Admn. Office of Pa. Courts.

Morton Meyers, Johnstown, for Judges of Cambria County.

Charles N. Sweet, Morrisville, for County of Bucks.

Stephen A. Sheller, Philadelphia, for Pa. Social Services Union.

Robert Kane, Atty. Gen., for Dept. of Justice.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

OPINION OF THE COURT

ROBERTS, Justice.

This appeal presents the issue whether appellants, judges of the Court of Common Pleas of Bucks County, are a

managerial representative for purposes of collective bargaining and representation proceedings under the Public Employe Relations Act (Act 195)[1] involving employees of the Offices of Prothonotary, Clerk of Courts, Sheriff, and Register of Wills (row offices) and, if not, whether Act 195 as applied unconstitutionally infringes upon the judicial function.[2] We hold that appellants are not a managerial representative for purposes of such proceedings and that the Act as applied is constitutional.

## I

On June 6, 1975, the American Federation of State, County, and Municipal Employees (AFSCME) filed with the Pennsylvania Labor Relations Board (Board) a petition for representation of employees of row offices of Bucks County. The petition named row officers and commissioners of Bucks County as the public employer.

Contending that they were an employer of the row office employees entitled to participate in the proceedings, appellants petitioned the Board to allow intervention. The Board allowed appellants to intervene, and held that they were not an employer of row office employees. The Board ordered an election at which the employees chose AFSCME as their exclusive bargaining agent, and the Board certified AFSCME accordingly. Appellants appealed the order of certification to the Court of Common Pleas of Bucks County. Upon appellants' petition, this Court assumed plenary jurisdiction and transferred the proceedings to the Commonwealth Court.

Relying on *Sweet v. Pennsylvania Labor Relations Board*, 457 Pa. 456, 322 A.2d 362 (1974) (*Sweet I*), and *Costigan v.*

1. Act of July 23, 1970, P.L. 563, §§ 101 et seq., 43 P.S. §§ 1101.101 et seq. (Supp.1977).

2. We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 204, 17 P.S. § 211.204 (Supp.1977).

*Local 696, AFSCME,* 462 Pa. 425, 341 A.2d 456 (1975), the Commonwealth Court concluded that the degree of control exercised by appellants over row office employees is not sufficient to justify appellants' claim that they are a managerial representative for purposes of representation proceedings and collective bargaining. The Commonwealth Court therefore affirmed the order of the Board. We granted appellants' petition for allowance of appeal.

## II

Appellants argue that row office employees are employees of the courts and therefore they are constitutionally entitled to participate in bargaining proceedings. We do not agree.

The Legislature's amendment to The County Code [3] providing that commissioners of counties of the third through eighth classes represent all managerial interests in representation proceedings and collective bargaining involving persons paid from the county treasury controls this case. Section 1620 of The County Code now provides:

*"Salaries and Compensation*

The salaries and compensation of county officers shall be as now or hereafter fixed by law. The salaries and compensation of all appointed officers and employes who are paid from the county treasury shall be fixed by the salary board created by this act for such purposes: *Provided, however, That with respect to representation proceedings before the Pennsylvania Labor Relations Board or collective bargaining negotiations involving any or all employes paid from the county treasury, the board of county commissioners shall have the sole power and responsibility to represent judges of the court of common pleas, the county and all elected or appointed county officers having any employment powers over the affected employes. The exercise of such responsibilities by the county commissioners shall in no way affect the hiring, discharging and supervising rights and obligations with*

---

**3.** Act of June 29, 1976, P.L. 460, § 1, amending Act of August 9, 1955, P.L. 323, § 1620, 16 P.S. § 1620 (1956 and Supp.1977).

*respect to such employes as may be vested in the judges or other county officers."*

(1976 amendment emphasized). Based on this statute and our decision in *Ellenbogen v. County of Allegheny*, 479 Pa. 429, 388 A.2d 730 (1978), we conclude that commissioners of Bucks County, a county of the third class, are the exclusive managerial representative for purposes of bargaining and representation proceedings under Act 195 involving row office employees. As we concluded in *Ellenbogen v. County of Allegheny*, supra, the amendment establishes an appropriate separation of functions between the judicial and other branches of government and therefore does not infringe upon the independence of the judiciary.

Order of the Commonwealth Court affirmed and case remanded to the Pennsylvania Labor Relations Board for proceedings consistent with this opinion.

PACKEL, J., did not participate in the decision of this case.

MANDERINO, J., joins and files a concurring opinion.

NIX, J., concurs in the result.

MANDERINO, Justice, concurring.

I join in the opinion of Mr. Justice Roberts and incorporate herein my concurring opinion in *Ellenbogen v. County of Allegheny*, 479 Pa. 429, 388 A.2d 730 (1978).