388 A.2d 740

Charles G. SWEET, Richard DiSalle, Thomas D. Gladden, Paul A. Simmons, John F. Bell, and Judges of the Court of Common Pleas of the 27th Judicial District, Appellants,

v.

PENNSYLVANIA LABOR RELATIONS BOARD, Service Employees' International Union, Local 585, AFL–CIO, County of Washington, Malcolm L. Morgan, Edward M. Paluso, David L. Gilmore, County Commissioners, the Pennsylvania State Association of County Commissioners.

Supreme Court of Pennsylvania.

Argued Oct. 18, 1977.

Decided July 14, 1978.

David S. Posner, Washington, for appellants.

Edward H. Feege, Allentown, for Pa. State Assn. of County Com'rs.

Louis B. Kushner, Pittsburgh, for Service Emp. Intern. Union.

Charles N. Sweet, Paul L. Stevens, Morrisville, for Pa. State Assn. of County Com'rs.

Alexander Unkovic, Frederick J. Francis, Pittsburgh, for amicus curiae, Pa. Conference of Trial Judges.

## OPINION OF THE COURT

ROBERTS, Justice.

In this appeal,[1] we hold that appellees, commissioners of Washington County, are the managerial representative in collective bargaining and representation proceedings under the Public Employe Relations Act (Act 195)[2] involving employees supervised[3] by appellants, judges of the Court of

---

[1] We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 204, 17 P.S. § 211.204 (Supp.1977).

[2] Act of July 23, 1970, P.L. 563, §§ 101 et seq., 43 P.S. §§ 1101.101 et seq. (Supp.1977).

[3] "Employees supervised" by judges refers to "directly related" employees, the term devised by the Pennsylvania Labor Relations Board (Board) referring to the public employees involved in this case and related cases. See *Ellenbogen v. County of Allegheny*, 479 Pa. 429, 388 A.2d 730 (1978); *Bucks County Board of Judges v. Bucks County Commissioners*, 479 Pa. 455, 388 A.2d 743 (1978).

Common Pleas of Washington County, and that appellees' exercise of this responsibility does not unconstitutionally interfere with the independence of the judiciary.

I

On June 19, 1972, the Service Employees International Union (SEIU) filed with the Pennsylvania Labor Relations Board (Board) a petition for representation of all "court-related" employees of Washington County, including employees of the offices of the Register of Wills, Sheriff, Prothonotary, Clerk of Courts, Domestic Relations, District Attorney, Probation, Justices of the Peace, Public Defender, Court of Common Pleas, Orphans' Court, Juvenile Court, and Law Library. SEIU's petition asserted that appellee Washington County, through its commissioners, was the public employer of these employees. Over objection of appellants, Washington County Judges, who contended that they were the employer of certain of the employees in the bargaining unit set forth in SEIU's petition for representation, the Board conducted a representation election. The employees chose SEIU as their exclusive representative for purposes of bargaining and the Board certified SEIU accordingly. Appellants filed a petition for review in the Court of Common Pleas of Washington County and, upon the petition of appellants, this Court assumed plenary jurisdiction and transferred the matter to the Commonwealth Court.

The Commonwealth Court held that appellants are not the public employer of their personal staff or administrative and probation personnel of the court of common pleas. The court also held Act 195 constitutional as applied to judicial employees. *Sweet v. Pennsylvania Labor Relations Board*, 12 Pa.Cmwlth. 358, 316 A.2d 665 (1974). This Court reversed: "Our review of the present record convinces us that appellants are at least *an* employer of *some* employes included in the bargaining unit comprised of court-related employes." *Sweet v. Pennsylvania Labor Relations Board*, 457

Pa. 456, 462, 322 A.2d 362, 365 (1974) (emphasis in original) (*Sweet I*).

Following *Sweet I*, the Board reconsidered its original order of certification and filed a "Final Order Pursuant to Opinion of the Supreme Court of Pennsylvania" vacating its earlier order and dismissing SEIU's June, 1972 petition for want of a properly identified public employer. The Board issued "Guidelines," concluding:

"1. That the Board of Judges of the 27th District [Washington County] is the Public Employer of all directly related employes of that District.

2. That the County Commissioners and Row Officers are joint public employers of their respective row office employes.

3. That the County Commissioners are the sole public employers of all non-court-related, non-row office employes of the County, and of all employes of County Institution Districts where they exist."

The Commonwealth Court reversed, *County of Washington v. Pennsylvania Labor Relations Board*, 26 Pa.Cmwlth. 315, 364 A.2d 519 (1976), interpreting *Sweet I* and the intervening decision in *Costigan v. Local 696, AFSCME*, 462 Pa. 425, 341 A.2d 456 (1975),[4] to require the conclusion that appellants are joint "public employers" for purposes of representation proceedings and collective bargaining with employees supervised by judges of the judicial district. We granted appellants' petition for allowance of appeal.

## II

Appellants contend that they are the managerial representative for purposes of representation proceedings and collective bargaining under Act 195 of employees supervised

---

4. In *Costigan v. Local 696, AFSCME*, 462 Pa. 425, 341 A.2d 456 (1975), we held that the Register of Wills and the City of Philadelphia are joint public employers and therefore enjoined arbitration under a collective bargaining agreement negotiated without participation of the City.

by them and that any other arrangement violates separation of powers. We do not agree.

The Legislature has recently amended The County Code[5] to provide that commissioners of counties of the third through eighth classes represent all managerial interests in representation proceedings and collective bargaining involving employees paid from the county treasury. Section 1620 of The County Code now provides:

### "Salaries and Compensation

The salaries and compensation of county officers shall be as now or hereafter fixed by law. The salaries and compensation of all appointed officers and employes who are paid from the county treasury shall be fixed by the salary board created by this act for such purposes: *Provided, however, That with respect to representation proceedings before the Pennsylvania Labor Relations Board or collective bargaining negotiations involving any or all employes paid from the county treasury, the board of county commissioners shall have the sole power and responsibility to represent judges of the court of common pleas, the county and all elected or appointed county officers having any employment powers over the affected employes. The exercise of such responsibilities by the county commissioners shall in no way affect the hiring, discharging and supervising rights and obligations with respect to such employes as may be vested in the judges or other county officers.*"

(1976 amendment emphasized). This statute and our decision in *Ellenbogen v. County of Allegheny,* 479 Pa. 429, 388 A.2d 730 (1978), compel the conclusion that the commissioners of Washington County, a county of the fourth class, have the exclusive responsibility to represent appellants in representation proceedings and collective bargaining involving those employees supervised by appellants. As we concluded

5. Act of June 29, 1976, P.L. 460, § 1, amending Act of August 9, 1955, P.L. 323, § 1620, 16 P.S. § 1620 (1956 and Supp.1977).

in *Ellenbogen v. County of Allegheny,* supra, the amendment establishes an appropriate separation of functions between the judicial and other branches of government and therefore does not infringe upon the independence of the judiciary.[6]

Order of the Commonwealth Court vacated and case remanded to the Pennsylvania Labor Relations Board for proceedings consistent with this opinion.

PACKEL, J., did not participate in the decision of this case.

MANDERINO, J., joins and files a concurring opinion.

NIX, J., concurs in the result.

MANDERINO, Justice, concurring.

I join in the opinion of Mr. Justice Roberts and incorporate herein my concurring opinion in *Ellenbogen v. County of Allegheny,* 479 Pa. 429, 388 A.2d 730 (1978).

**6.** Appellee contends that *Wiegand v. Wiegand,* 461 Pa. 482, 337 A.2d 256 (1975), precludes our consideration of the amendment to The County Code because neither party relied upon the amendment in proceedings in the Commonwealth Court. *Wiegand* held that an appellate court could not sua sponte decide a case on an issue neither party raised. *Wiegand* is inapplicable here because the issue of who is the managerial representative in bargaining and representation proceedings involving court personnel, upon which the amendment bears, has been raised at all stages of the proceedings. Moreover, here, unlike in *Wiegand,* the Attorney General has been given proper notice of the issues raised in these proceedings. See Pa.R.Civ.Proc. 235.