Lycoming County *v.* Commonwealth of Pennsylvania, Department of Labor and Industry, Pennsylvania Labor Relations Board and District Council 86, AFL-CIO American Federation of State, County and Municipal Employees. American Federation of State, County and Municipal Employees, District Council 86, AFL-CIO, Appellant.

Lycoming County *v.* Commonwealth of Pennsylvania, Department of Labor and Industry, Pennsylvania Labor Relations Board and District Council 86, American Federation of State, County and Municipal Employees, AFL-CIO. Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellant.

626

Argued May 1, 1984, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE, BARRY and COLINS.

*Alaine S. Williams,* with her, *Stuart W. Davidson, Kirschner, Walters, Willig, Weinbert & Dempsey,* for appellant.

*James L. Crawford,* with him, *William J. Maikovich,* for appellant, Pennsylvania Labor Relations Board.

*William R. Tait, Jr., McNerney, Page, Vanderlin & Hall,* for appellee.

Opinion by Judge Colins, August 29, 1984:

These appeals are brought by the Pennsylvania Labor Relations Board (PLRB) and District Council 86, American Federation of State, County and Municipal Employees, AFL-CIO (AFSCME) (appellants), from an order of the Court of Common Pleas of Lycoming County (County) reversing an order of the PLRB that County (appellee) had committed an unfair practice in violation of Sections 1201(a)(1) and 1201(a)(5) of the Public Employe Relations Act (Act 195).[1]

On June 19, 1975, the PLRB certified AFSCME as the exclusive representative of all full-time and regular part-time prison guards and matrons employed by the Lycoming County Prison Board (Prison Board), which is identified as the "public employer" in the certification. The Prison Board is composed of the County Commissioners, Sheriff, Judges, Controller and District Attorney.[2]

Pursuant to this certification, representatives of the Prison Board and AFSCME engaged in collective bargaining. An impasse was reached and the matter was submitted to binding arbitration. Prior to resolution by arbitration, however, the legislature enacted Act 115,[3] which amended Section 1620 of the County Code in the following manner:

Salaries and Compensation

The salaries and compensation of county officers shall be as now or hereafter fixed by law. The salaries and compensation of all ap-

---

[1] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§1101.1201 (a)(1), 1201(a)(5).

[2] Section 1 of the Act of May 16, 1921, P.L. 579, *as amended*, 61 P.S. §408.

[3] Act of June 29, 1976, P.L. 460, §1, *amended by* Act of August 5, 1955, P.L. 323, §1620, 16 P.S. §1620 (1956 and Supp. 1977).

pointed officers and employes who are paid from the county treasury shall be fixed by the salary board .created by this act for such purposes: *Provided, however, that with respect to representation proceedings before the Pennsylvania Labor Relations Board of collective bargaining negotiations involving any or all employes paid from the county treasury, the board of county commissioners shall have the sole power and responsibility to represent judges of the court of common pleas, the county and all elected or appointed county officers having any employment powers over the affected employes. The exercise of such responsibilities by the county commissioners shall in no way affect the hiring, discharging and supervising rights and obligations with respect to such employes as may be vested in the judges or other county officers.* (Amendment emphasized.)

As a result of Act 115, the Prison Board filed a motion to dismiss the arbitration panel on the grounds that it, though certified, was no longer the "public employer" of the bargaining unit, and that since no negotiations with the proper "public employer," to wit: the County Commissioners, had taken place, Act 195's arbitration requirements could not be invoked.

AFSCME countered by filing a charge of unfair labor practices against the Prison Board. The PLRB found that the Prison Board had engaged in unfair practices. On appeal, the Court of Common Pleas of Lycoming County held that both the Prison Board and the Commissioners were joint "public employers" and, as such, they both must be part of the collective bargaining. No ruling was made with regard to the unfair labor practice charges brought against the

Prison Board. This determination was appealed to this Court.

In *Lycoming County Prison Board v. Department of Labor and Industry*, 45 Pa. Commonwealth Ct. 307, 405 A.2d 985 (1979), we held that the lower court erred in designating the Prison Board and the Commissioners as joint employers. In addition, we remanded this case to the PLRB. The PLRB dismissed the charge of unfair labor practices and noted that an appropriate bargaining demand should be made to the County Commissioners, not the Prison Board.

AFSCME, therefore, requested the County Commissioners to enter into negotiations with them. The Commissioners refused, and AFSCME filed a charge of unfair labor practices against the County. The PLRB found that the County had unlawfully refused to bargain. The County filed exceptions, which the PLRB dismissed. The County appealed this decision to the Court of Common Pleas. The Court of Common Pleas of Lycoming County set aside the Board's order. Hence, the instant appeals.

The appellee contends that since the County Commissioners were not designated as the "public employer" in the 1975 petition, they have no duty to bargain, as they were not able to play a meaningful role in the certification process of AFSCME.

The appellee's argument fails to recognize that a "public employer" and a managerial representative can be two different entities. In the *Sweet II* decisions,[4] the Supreme Court addressed the impact of

---

[4] *Sweet II* refers to the series of cases issued by the Supreme Court of Pennsylvania in 1978 which dealt with the issue of county government bargaining. These cases are: *Ellenbogen v. County of Allegheny*, 479 Pa. 429, 388 A.2d 730 (1978) ; *Commonwealth ex rel. Edward J. Bradley v. PLRB*, 479 Pa. 440, 388 A.2d 736 (1978) ; *Board of Judges v. Bucks County Commissioners et al.*, 479 Pa. 455,

Act 115 upon the Public Employe Relations Act. In *Ellenbogen v. County of Allegheny*, 479 Pa. 429, 388 A.2d 730, the Court held that following the passage of Act 115 the County Commissioners are the exclusive managerial representatives[5] in representation proceedings and collective bargaining under Act 195 involving court employees paid from county funds. Therein, the Court also noted that in Act 115 the General Assembly expressly indicated for the first time, "that a particular entity could be a 'public employer' for purposes of determining the scope of Act 195, . . . but not necessarily for purposes of bargaining and representation proceeding." *Id.* at 436, 388 A.2d at 733, n. 11.

In the instant case, we are confronted with such a situation. Although the County Commissioners are the exclusive managerial representative, they are not the "public employer." The sole public employer is the Prison Board.

During the five years of litigation which has ensued before the PLRB, the Lycoming County Court of Common Pleas, this Court, and the Pennsylvania Supreme Court, the County Commissioners have

388 A.2d 743 (1978); *Board of Judges v. Bucks County Commissioners et al.*, 479 Pa. 457, 388 A.2d 744 (1978); *Sweet v. PLRB*, 479 Pa. 449, 388 A.2d 740 (1978).

[5] The Legislature's designation of county commissioners as managerial representative also avoids the potential difficulties of having too many decision makers, none with full authority to reach an agreement, on the public side of the bargaining table. The amendment thus ensures that the managerial representative will have full authority to reach early agreement. Such a setting, legislatively designed to promote swift and efficient bargaining proceedings, is not only attractive to parties at the bargaining table, but also advances the public interest in settlement of labor disputes. *Ellenbogen*, 479 Pa. at 436, 388 A.2d at 734.

steadfastly argued that they were the appropriate representatives of the employer and, as such, should be afforded the opportunity of bargaining with the appellant union. Now that the PLRB has ordered them to so bargain, they are attempting to reopen the certification process which could again lead to lengthy duplicative and dilatory litigation.

While it is true that appellees have not had the opportunity to negotiate as *Commissioners qua Commissioners,* they have always had an opportunity to participate in the initial representation proceedings and all subsequent litigation.

To paraphrase the rationale of the PLRB in *PLRB v. Jefferson County,* 10 PPER §10034 (1979), we would be exalting form over substance if we were to now relieve the county of its obligation to bargain with the certified representatives of the union employees. Our holding in this case will merely result in a technical correction of the original certification.

However, assuming arguendo, we were to adopt appellee's rationale and hold that they were a separate employer, their rights and liabilities would be no greater than that of a successor employer to the Prison Board. The law is clear that a successor employer commits an unfair labor practice if it refuses to bargain with a union that had been certified with the prior employer. *NLRB v. Burns International Security Services, Inc.,* 406 U.S. 272 (1972).

Accordingly, we reverse the order of the Court of Common Pleas of Lycoming County.

ORDER IN 132 C.D. 1983

AND Now, August 29, 1984, the order of the Court of Common Pleas of Lycoming County, No. 81-1079, dated December 21, 1982, is hereby reversed.