579 A.2d 455

**PENNSYLVANIA SOCIAL SERVICES UNION LOCAL 668, SERVICE EMPLOYEES INTERNATIONAL UNION, Appellant,**

v.

**CAMBRIA COUNTY, Appellee.**

Commonwealth Court of Pennsylvania.

Argued June 11, 1990.

Decided Aug. 23, 1990.

524

Bruce M. Ludwig, Sheller, Ludwig & Badey, Philadelphia, for appellant.

Alex E. Echard, Mount Pleasant, for appellee.

Before CRAIG, President Judge, and PELLEGRINI, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The Pennsylvania Social Services Union, Local 668, Service Employees International Union, appeals an order of the Court of Common Pleas of Cambria County which affirmed an arbitrator's determination that grievances filed by the union on behalf of Cambria County's former chief deputy sheriff, two former deputy sheriffs, and a former deputy sheriff/sheriff's clerk (employees)[1] were not arbitrable under the parties' collective bargaining agreement.

■ The issue in this case is whether a county sheriff's discharge of his employees, pursuant to Sections 1203 and 1205 of The County Code,[2] is an arbitrable issue under the just cause and grievance provisions of a collective bargaining agreement negotiated by the county commissioners for county officers where the agreement explicitly excludes from arbitrability issues affecting the rights of county officers to hire, discharge, and supervise employees.

According to the record, the commissioners and the union entered into a collective bargaining agreement which covered non-professional and non-supervisory, court-appointed and court-related employees. The relevant provisions of this agreement are as follows:

ARTICLE XVII

DISCHARGE, DEMOTION, SUSPENSION
AND DISCIPLINE

*Section 1*: The County shall not demote, suspend, discharge or take any disciplinary action against an employee without just cause. An employee may appeal a demotion, suspension, discharge, or written disciplinary action beginning at the second step of the grievance

1. The employees in this case are former Chief Deputy Sheriff John Mutsko, former Deputy Sheriffs Eugene Burns and Roy Plummer, and former Deputy Sheriff/Sheriff's Clerk Ron Snyder.

2. Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. §§ 1203 and 1205.

procedure subject to any conditions set forth in the grievance procedure under Article XVIII.

. . . .

## ARTICLE XVIII

### GRIEVANCES AND ARBITRATION

*Section 1*: Any grievance or dispute which may arise concerning the application, meaning or interpretation of this Agreement shall be settled in the following manner:

. . . .

*Step 4*: An appeal from an unfavorable decision at Step 3 may be initiated by the Union serving upon the County a notice, in writing, of its intent to proceed to arbitration within fifteen (15) work days after receipt of Step 3 decision....

. . . .

## ARTICLE XXIII

### GENERAL PROVISIONS

. . . .

*Section 7*: Nothing herein shall, in any way, affect the rights of Judges and other County officers with respect to hiring, discharging and supervising employees as guaranteed in [Section 1620 of] the County Code (16 P.S. 1620), in the Pennsylvania Constitution and the various Court decisions pertaining thereto. In the event any of the terms or provisions of this agreement transgress or infringe upon the rights of the Judges or other County officers, such terms and provisions of this agreement shall not be applicable to the employees involved.

On January 6, 1986, Jay Roberts, the newly-elected county sheriff, discharged the employees pursuant to Sections 1203 and 1205 of the County Code, which state as follows:

### § 1203. Chief Deputy; Compensation

The sheriff of each county shall appoint, by commission duly recorded in the office for recording deeds, a chief

deputy, whose appointment shall be revocable by the sheriff at pleasure on recording in said office a signed revocation thereof. . . .

§ 1205.  **Deputies and Clerks**

The sheriff of each county may appoint such deputies and clerks as may be necessary to properly transact the business of his office.  He may revoke the appointment of deputies in the same manner as his chief deputy. . . .

On January 2, 1986, the county salary board, comprised of two commissioners and the county controller, prospectively removed the employees from the count's payroll, effective January 6, 1986, at the request of the sheriff-elect.

The union then filed grievances with the county regarding the employees' discharges.  Because the parties could not settle their dispute, the union notified the county and proceeded to arbitration on the grievances.  However, the county refused to arbitrate, and the union filed unfair labor practice charges against the county under Section 1201(a)(1) and (5) of the Public Employee Relations Act (PERA).[3]  A hearing examiner concluded that the county committed an unfair labor practice by refusing to arbitrate.  On appeal, the trial court affirmed the hearing examiner's decision.

On January 6, 1988, the union and the county agreed to bifurcate arbitration on the grievances.  The first issue submitted to the arbitrator was whether the grievances were arbitrable under the agreement.  On May 4, 1988, an arbitrator concluded that, under Article XXIII, Section 7 of the agreement, Section 1620 of The County Code, 16 P.S. § 1620, and the Court's decision in *Pennsylvania Labor Relations Board v. Della Vecchia*, 517 Pa. 349, 537 A.2d 805 (1988), the grievances filed by the union on behalf of the employees were not arbitrable under the agreement. On appeal, the trial court affirmed the arbitrator's determination.  This appeal followed.[4]

**3.**  Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. § 1101.1201(a)(1) and (5).

**4.**  Our scope of review is limited to determining whether the arbitrator's decision reasonably draws its essence from the terms of the

Initially, we note that Article XXIII, Section 7 of the agreement limits the agreement's terms in accordance with Section 1620 of The County Code, which provides:

The salaries and compensation of county officers shall be as now or hereafter fixed by law. The salaries and compensation of all appointed officers and employes who are paid from the county treasury shall be fixed by the salary board created by this act for such purposes: *Provided, however, That with respect to representation proceedings before the Pennsylvania Labor Relations Board or collective bargaining negotiations involving any or all employes paid from the county treasury, the board of county commissioners shall have the sole power and responsibility to represent judges of the court of common pleas, the county and all elected or appointed county officers having any employment powers over the affected employes. The exercise of such responsibilities by the county commissioners shall in no way affect the hiring, discharging and supervising rights and obligations with respect to such employes as may be vested in the judges or other county officers.* (Emphasis added.)

Thus, the pivotal question in this case is whether the commissioners, as the exclusive managerial representative for county officers in collective bargaining proceedings, can bargain with the union over the arbitrability of grievances stemming from a sheriff's statutory authority to hire, discharge, and supervise his employees under Sections 1203 and 1205 of The County Code.

In *Ellenbogen v. County of Allegheny*, 479 Pa. 429, 388 A.2d 730 (1978), the Court, in interpreting Section 1620, concluded that commissioners were the exclusive management representative in collective bargaining proceedings involving all county employees, including court-appointed

collective bargaining agreement. *Community College of Beaver County v. Community College of Beaver County, Society of Faculty (PSEA/NEA)*, 473 Pa. 576, 375 A.2d 1267 (1977) (*citing United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

and court-related employees, paid from the county treasury. The Court further stated that "[t]his exclusive authority, however, does not diminish the rights of judges to 'hire, discharge, and supervise' these employees." *Ellenbogen,* 479 Pa. at 438, 388 A.2d at 735.[5]

In *Della Vecchia,* the Court further addressed the scope of collective bargaining conducted by commissioners for county officers under Section 1620. In that case, the Court concluded that, because of the commissioners' sole managerial authority to enter into agreements with the union under Section 1620 and PERA, a recorder of deeds could not independently enter into an agreement with a union.

Moreover, the Court in *Della Vecchia* reaffirmed the holdings in *Ellenbogen* and its progeny that matters affecting the hiring, discharging, and supervisory powers of public employers were not subjects of collective bargaining between commissioners and the union, stating:

> While the factual context of *Ellenbogen* and its progeny involved judges of the Courts of Common Pleas, § 1620 and the aforementioned cases interpreting both § 1620 and PERA clearly include the County Row Officers within the same purview. It is clear, therefore, that the same logic as well as the result obtain.

*Della Vecchia,* 517 Pa. at 356 n. 3, 537 A.2d at 808 n. 3.

█ In the present case, the language in Article XXIII, Section 7 of the agreement mirrors the language in Section 1620 regarding the hiring, discharging, and supervising rights of county officers. Under Sections 1203 and 1205,[6] a

---

5. *See also Commonwealth ex rel. Bradley v. Pennsylvania Labor Relations Board,* 479 Pa. 440, 388 A.2d 736 (1978); *Sweet v. Pennsylvania Labor Relations Board,* 479 Pa. 449, 388 A.2d 740 (1978).

6. The union also contends that, because the language of Section 1205 is permissive in nature, the sheriff had no vested authority over the "hiring, discharging and supervising" of deputy sheriffs and clerks under Section 1620. However, we interpret the phrase "the sheriff of each county *may* appoint such deputies and clerks as may be necessary to properly transact the business of his office ..." as a right of the sheriff within the framework of Section 1620, and only permissive in that the sheriff appoints deputy sheriffs and clerks only when needed. The sheriff must then seek final approval for these positions

sheriff has the statutory right to appoint his chief deputy, deputy sheriffs, and clerks, as well as the statutory right to discharge his chief deputy and deputy sheriffs.

Therefore, because Article XXIII, Section 7 precludes application of the just cause and grievance provisions when in conflict with a county officer's right to hire, discharge, and supervise his employees, we conclude that the arbitrator's decision regarding the sheriff's discharge of his chief deputy and deputy sheriffs reasonably draws its essence from the terms of the collective bargaining agreement. *Community College of Beaver County.*

█ The union further contends that, because the salary board prospectively removed the employees from the payroll on January 2, 1986, i.e., before the sheriff took office, the sheriff's statutory discharge powers under Sections 1203 and 1205 should not apply in this case. Hence, the union asserts that the board's action caused the discharge of the employees, and thus, the grievances are arbitrable under the collective bargaining agreement.

Although Section 1623 of The County Code, 16 P.S. § 1623, provides that a county salary board shall act as the administrative body that determines the number and the compensation of deputy sheriffs and clerks, *Pennsylvania Labor Relations Board v. Clarion County,* 65 Pa. Commonwealth Ct. 158, 442 A.2d 374 (1982), the board has no statutory authority to discharge employees in the sheriff's office. *See Simon.* Thus, the board's prospective action in this case did not cause the discharge of the employees.

Accordingly, we affirm the order of the trial court upholding the arbitrator's decision.

## ORDER

AND NOW, this 23rd day of August, 1990, the order of the Court of Common Pleas of Cambria County, No. 1988-1276, dated July 31, 1989, is hereby affirmed.

and their respective salaries from the county salary board. *See Simon v. Del Vitto,* 43 Pa. Commonwealth Ct. 402, 403 A.2d 1335 (1979).