The Honorable Joseph H. KLEINFELTER, President Judge, Individually and on behalf of the Judges of the Court of Common Pleas of Dauphin County, 12th Judicial District, Petitioners

v.

COMMISSIONERS OF THE COUNTY OF DAUPHIN and Teamsters Local 776, Respondents.

Commonwealth Court of Pennsylvania.

Argued March 31, 2004.

Decided June 4, 2004.

William J. Flannery, Harrisburg, for petitioners.

Jason M. Weinstock, Harrisburg, for respondents.

BEFORE: COLINS, President Judge, and McGINLEY, Judge, and SMITH–RIBNER, Judge, and PELLEGRINI, Judge, and COHN, Judge, and SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY President Judge COLINS.

Joseph H. Kleinfelter, individually and as President Judge on behalf of the judges of the Court of Common Pleas of Dauphin County (Judges), appeals from the arbitration award in a contract dispute between the Judges and a bargaining unit of court-appointed professional employees. The Judges appealed the award only insofar as it included mandatory, non-binding arbitration of non-economic matters for members of that bargaining unit as Article 10, Section 9 of the award.[1] We strike Article 10, Section 9 of the award.

---

1. Article 10, Section 9 of the award provides,

Advisory Arbitration. The definition of "grievance" in the first sentence of Article 10, Section 1 notwithstanding, any dispute between the parties relating to hiring or selecting employees, or whether there is just cause to support the discipline or discharge of employees, or to the supervision of employees, may be filed as a grievance and processed through Sections 1–4 of the previously described grievance procedure. The procedures for arbitration, set forth in Sections 5 through 7 is available but any decision by an arbitrator in not final and binding unless accepted by the President Judge of the Dauphin County Court of Common Pleas, in his/her absolute discretion.

Provided, however, if during the term of the contract, the Supreme Court of Pennsylvania rules that a court of common pleas may be compelled under Act 195 of 1970, 43 P.S. 1101.101, to arbitrate grievances involving the hire, selection, discipline, discharge or supervision of court appointed professional employees, with each of these elements of management viewed disjunctively and severally, and that such an arbitration process shall become final and binding on the court in cases of the same type.

Article 10, Section 1, referred to above, provides,

A grievance is defined as a dispute between the parties involving the application, meaning, or interpretation of apart of this Agreement that involves economic matters. Ex-

The Commissioners of Dauphin County (Commissioners) and Teamsters Local 776 (Union) were parties to a collective bargaining agreement (CBA) that covered a bargaining unit of what the Judges refer to in their brief as court-appointed, professional employees, including probation and domestic relations officers, for the term beginning January 1, 1999 and ending December 21, 2002.[2] The Commissioners, bargaining on behalf of the Judges, reached agreement with the Union on all economic and non-economic matters in the CBA except that of the hiring, supervision and firing of employees covered by the CBA. During bargaining, the Union proposed to amend the contract to include a grievance procedure that would mandate binding arbitration for all classes of grievances, including those involving the selection, supervision, discipline and discharge of employees in the court-appointed, professional bargaining group. The Commissioners, bargaining on behalf of the Judges, carried this proposal back to them. The Judges objected to the provision on the ground that such a grievance procedure would violate the statutory and constitutional authority of the courts to hire, supervise, discipline and discharge personnel they appointed. The Commissioners returned to the bargaining table but the parties had reached an impasse and the matter was submitted to a panel of arbitrators pursuant to Sections 805–806a of the Public employee Relations Act (Act 195), 43 P.S. §§ 1101.805–806a.[3] During arbitration, the Commissioners agreed to revised grievance and arbitration procedures covering economic disputes under the contract but opposed any language that would expand the scope of grievance to include the selection, supervision, discipline and discharge in the court-appointed, professional bargaining group. After hearings and a meeting in executive session, the arbitrators issued an award that mandated *advisory* arbitration of non-economic matters for members of the court-appointed group in Article 10, Section 9 of the award. The Judges refused to accept the revised procedure and this appeal followed in which the Judges do not question any part of the award except Article 10, Section 9, which they ask us to strike.

■ The questions the Judges ask us to determine are: 1) Whether the arbitrators exceeded their authority by including Article 10, Section 9 in the award in that such language violates the statutory and constitutional authority of the courts to hire, supervise, discipline and discharge personnel; and 2) Is the inclusion of Article 10, Section 9 in the award barred by *res judicata* when we consider *Board of Commissioners of County of Dauphin v. Dauphin County Adult Probation, Parole and Domestic Relations Employees*, (Pa.Cmwlth. No. 1632 C.D.1998, filed April 8, 1999), *petition for allowance of appeal denied,* (No. 724 M.D.A.1999, 561 Pa. 701, 751 A.2d

---

cept as provided in Section 9 below, a grievance does not include any dispute relating to the authority of the Court to hire or select employees, discipline or discharge employees or to supervise employees working for the Court.

2. The employees recognized in Article 1, Section 1 of the arbitration award were

all full-time and regular part-time professional employees who are directly involved with and necessary to the functioning of the courts including but not limited to Accountants, Adult Probation Officers 1 and 2; Juvenile Probation Officers 1 and 2 and Domestic Relations Hearing Officers employed by the County as per certification by the Pennsylvania Labor relations Board, Case No. PERA–R–95–223–E.

Arbitration Award, p. 1.

3. Act of July 23, 1970, P.L. 563, No. 195, *as amended.*

193 filed February 11, 2000).[4]

The Judges first argue that Section 1620 of The County Code, 16 P.S. § 1620,[5] vests in them complete authority over the selection, supervision, discipline, and discharge of court employees. Section 1620 of The County Code, 16, P.S. § 1620, provides,

The salaries and compensation of county officers shall be as now or hereafter fixed by law. The salaries and compensation of all appointed officers and employes who are paid from the county treasury shall be fixed by the salary board created by this act for such purposes: Provided, however, That with respect to representation proceedings before the Pennsylvania Labor Relations Board or collective bargaining negotiations involving any or all employes paid from the county treasury, the board of county commissioners shall have the sole power and responsibility to represent judges of the court of common pleas, the county and all elected or appointed county officers having any employment powers over the affected employes. The exercise of such responsibilities by the county commissioners shall in no way affect the hiring, discharging and supervising rights and obligations with respect to such employes as may be vested in the judges or other county officers.

16 P.S. § 1620.

In *Ellenbogen v. County of Allegheny*, 479 Pa. 429, 388 A.2d 730 (1978), our Supreme Court determined that Section 1620 vested exclusive bargaining authority in the commissioners of the various counties but that nothing in Section 1620 diminished the right of judges and row officers to hire, supervise and discharge their employees. In *Ellenbogen*, the judges of the Court of Common Pleas of Allegheny County sought a declaratory judgment identifying the managerial representative for purposes of collective bargaining under Act 195. Our Supreme Court held that the "Allegheny County Commissioners are the exclusive representative of management in representation proceedings and collective bargaining under Act 195 involving court employees paid from county funds. This exclusive authority, however, does not diminish the right of judges to 'hire, discharge, and supervise' these employees." 479 Pa. at 438, 388 A.2d at 735.

In *Pennsylvania Labor Relations Board v. American Federation of State, County and Municipal Employees, District Council 84, AFL–CIO*, 515 Pa. 23, 526 A.2d 769 (1987), our Supreme Court addressed the question of whether the Commissioners of Allegheny County committed an unfair labor practice by refusing to bargain with the representatives of the County's court-appointed employees over the subjects of paid sick leave, paid funeral leave, paid leave for jury duty, and shift differential. Our Supreme Court held that the inclusion of such provisions in a collective bargaining agreement would not interfere with the inherent power of the judiciary to hire, supervise and discharge court employees. Relying on its decision in *Ellenbogen* the Court said, "In any event, contractual terms which actually impair the independence [of the judiciary] must be declared void...." 515 Pa. at 35, 526 A.2d at 775.

In *Judges of the Court of Common Pleas of the Twenty–Seventh Judicial District v. County of Washington*, 120 Pa.Cmwlth. 283, 548 A.2d 1306 (1988) a county control-

---

4. Our standard of review is limited to 1) questions of jurisdiction; the regularity of the proceedings; 3) questions of excess in the award of the arbitrator's powers; and 4) constitutional questions. *City of Philadelphia v. Fraternal Order of Police*, 564 Pa. 290, 768 A.2d 291 (2001).

5. Act of August 9, 1955, P.L. 323, *as amended.*

ler refused to pay employees of the county domestic relations office for funeral leave authorized by the acting president judge. The controller relied on the terms of a collective bargaining agreement that authorized bereavement pay only when the deceased was a member of the employee's immediate family. We held that the president judge had the power to authorize the additional leave and pay; (Citing *Eshelman v. Commissioners County of Berks*, 62 Pa.Cmwlth. 310, 436 A.2d 710 (1981) *affirmed, sub nom. Eshelman v. American Federation of State County and Municipal Employees District Council 88, AFL–CIO*, 502 Pa. 430, 466 A.2d 1029 (1983)) (arbitration award that established a grievance procedure governing the discharge, demotion, suspension and discipline of court-appointed employee group held to be an unconstitutional encroachment on the judges' inherent authority), we said "It is well settled that a collective bargaining agreement cannot interfere with the inherent power of the judiciary to hire, supervise or fire its employees." 548 A.2d at 1308.

■ In the case before us, we are again presented with a collective bargaining agreement that seeks to encroach upon the judiciary's power to supervise its personnel by subjecting the hiring, supervision, and firing of judicial employees to a grievance procedure. The fact that Article 10, Section 9 prescribes an advisory procedure and that the Judges would have the final say in their decisions in no way changes the fact that this procedure clearly diminishes and interferes with the inherent power of the judiciary by allowing inquiry into their decision-making process in direct contravention of statute and well-settled case law.

■ The judges next ask us to recognize the *res judicata* effect on this case of our decision in the Dauphin County case of *Board of Commissioners of the County of Dauphin v. Dauphin County Adult/Juvenile Probation, Parole and Domestic Relations Employees*, (Pa.Cmwlth. No. 1632 C.D.1998 filed April 8, 1999), *petition for allowance of appeal denied*, (No. 724 M.D.A.1999, 561 Pa. 701, 751 A.2d 193, filed February 11, 2000). The doctrine of *res judicata* bars the same parties from litigating a second lawsuit on the same claim. For the doctrine to apply, the following four factors in the two actions must be identical; 1) the thing sued upon; 2) the cause of action; 3) the parties to the action; and 4) the capacity of the parties being sued. *Henion v. Workers' Compensation Appeal Board (Firpo & Sons, Inc.)*, 776 A.2d 362 (Pa.Cmwlth.2001). In *Board of Commissioners* a group of court-appointed employees appealed from an order of a trial court that struck language from a collective bargaining agreement that would have allowed those court employees to work a flexible schedule "with the approval of the court." The parties to the action were the Commissioners of Dauphin County on one side and the court-appointed employee group on the other. The judges of the court of common pleas were not a party to the suit. In contrast, the parties to the action before us are the judges of the Court of Common Pleas of Dauphin County on one side and the Commissioners of Dauphin County and the union representing court-appointed employees in the county on the other. A central issue in *Board of Commissioners* was the inherent power of the judges to supervise their employees, but the issue was not litigated by them as it is in this case. Because all four factors are not identical in the two cases we find that the doctrine of *res judicata* does not operate to bar the inclusion of Article 10, Section 9 in the collective bargaining agreement between the Commissioners and the Union.

Accordingly, for the reasons stated above, we strike Article 10, Section 9 from the arbitration award issued in this matter on November 7, 2003.

### ORDER

AND NOW, this 4th day of June 2004, Article 10, Section 9 is STRICKEN from the arbitration award issued in this matter on November 7, 2003.