## DAUPHIN COUNTY COMMISSIONERS

v.

## TEAMSTERS LOCAL NO. 776, Appellant.

### Dauphin County Commissioners

v.

### International Brotherhood of Teamsters, Local 776, Appellant.

Commonwealth Court of Pennsylvania.

Argued June 9, 2011.
Decided Nov. 21, 2011.

Jason M. Weinstock, Harrisburg, for appellant.

William J. Flannery, Harrisburg, for appellee.

BEFORE: LEADBETTER, President Judge,[1] and PELLEGRINI, Judge (P.), and COHN JUBELIRER, Judge.

OPINION BY Judge COHN JUBELIRER.

Teamsters Local No. 776 (Teamsters) appeals from the Order of the Court of Common Pleas of Dauphin County (trial court) that granted the Motion for Summary Judgment of the Dauphin County (County) Commissioners (Commissioners), denied Teamsters' Cross–Motion for Summary Judgment, and set aside the Arbitration Panel's Interest Arbitration Award (Award) that resulted from mandatory arbitration under the Pennsylvania Employe Relations Act (PERA).[2] The Arbitration

---

1. This matter was argued before a panel consisting of Judge Pellegrini, Judge Cohn Jubelirer and Senior Judge Feudale. Because Senior Judge Feudale has removed himself from consideration of this case, the case was submitted on briefs to President Judge Leadbetter for consideration as a member of the panel.

2. Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.101–1101.2301.

Panel held that Section 1620 of the County Code,[3] 16 P.S. § 1620, does not prevent the Commissioners from bargaining collectively on behalf of the County Prison Board (Board) with regard to supervisory matters over the Board's employees (e.g., correctional officers and other prison employees). The trial court disagreed, holding that the reservation of managerial rights clause of Section 1620 applies to the Board and, therefore, matters relating to the Board's supervision of its employees are not arbitrable. Teamsters argue that Section 1620 does not apply to the Board or, if it applies, Section 1620 does not exempt the Board from the duty to bargain over the supervisory matters considered by the Arbitration Panel and that the Commissioners do not have standing to defend the interests of the Board.

Pursuant to Section 1731 of the Prisons and Parole Code, 61 Pa.C.S. § 1731, the Board is composed entirely of *ex officio* members (by virtue of the offices they hold), specifically: the County's Commissioners, district attorney, sheriff, controller, and president judge of the trial court. The Board oversees the County's prison and the prison's employees. Pursuant to Section 1620, the Commissioners bargain collectively with the employees' union, the Teamsters. In 2005, the Commissioners bargained with Teamsters in an attempt to reach an agreement for the term of January 1, 2006 through December 31, 2010. However, the parties were not able to reach an agreement, an impasse was declared under PERA, and the matter was referred to the Arbitration Panel.

The Arbitration Panel held three interest arbitration hearings on December 12, 2006, February 2, 2007, and April 10, 2007. The president judge of the trial court appeared on behalf of the Board to argue that, pursuant to Section 1620, the Commissioners did not have the authority to bargain over matters relating to the supervision of the Board's employees.[4] The Commissioners also raised this argument to the Arbitration Panel. On August 21,

---

3. Act of August 9, 1955, P.L. 323, *as amended.* Section 1620 provides:

   The salaries and compensation of county officers shall be as now or hereafter fixed by law. The salaries and compensation of all appointed officers and employes who are paid from the county treasury shall be fixed by the salary board created by this act for such purposes: Provided, however, That with respect to representation proceedings before the Pennsylvania Labor Relations Board or collective bargaining negotiations involving any or all employes paid from the county treasury, the board of county commissioners shall have the sole power and responsibility to represent judges of the court of common pleas, the county and all elected or appointed county officers having any employment powers over the affected employes. *The exercise of such responsibilities by the county commissioners shall in no way affect the hiring, discharging and supervising rights and obligations with respect to such employes as may be vested in the judges or other county officers.*

4 P.S. § 1620 (emphasis added). The last sentence of this section is referred to in this opinion as the "reservation of managerial rights clause."

4. The Arbitration Panel stated that contested contractual provisions included the articles involving the following subjects: "Management Rights"; "Hours of Work"; "Seniority"; "Layoff"; "Job Bidding"; "Promotion Procedure"; "Staffing"; "Disciplinary Procedure"; "Absenteeism Policy"; "Grievance and Arbitration Procedure"; "Work Rules (Hours, Terms and Conditions of Employment)"; "Probationary Period"; "Discrimination"; "Subcontracting"; "Privatization"; "Successors Clause"; "Maintenance of Standards"; "Outside Rounds/Yard Out"; "Stewards"; "Union Business"; "Lie Detector Test"; "Health and Safety"; "Training Programs"; "Uniforms"; "Paid Time Off"; "Administrative Leave/Workers' Compensation"; "Drug & Alcohol"; "Overtime/Compensatory Time/Draft"; and "Dress Code." (Interest Arbitration Award at 4–5.)

2007, the Arbitration Panel issued its Award, in which it held that there was not a clear court ruling supporting the Commissioners' position, and that the status quo, i.e. the provisions of the previous contract, would remain in effect with regard to these provisions.[5]

■ Commissioners filed a Petition to Review and Vacate an Arbitration Award (Petition) with the trial court[6] on December 31, 2010. Commissioners filed a Motion for Summary Judgment, which the trial court granted. The trial court held that the definition of " 'county office' [sic[7]] within the meaning of Section 1620" encompassed the Board. (Trial Ct. Amended Op. at 5.) The trial court relied, in part, upon this Court's reasoning in *Fayette County Board of Commissioners v. American Federation of State, County, and Federal Employees* (*Fayette I* ), No. 3426 CD.1995, 1996 Pa. Commw. LEXIS 331 (Pa.Cmwlth. July 19, 1996) *reconsidered en banc* (*Fayette II* ), 692 A.2d 274 (Pa. Cmwlth.1997) (en banc). Relying also upon *Franklin County Prison Board v. Pennsylvania Labor Relations Board,* 491 Pa. 50, 417 A.2d 1138 (1980) and *Lycoming County Prison Board v. Department of Labor and Industry,* 45 Pa.Cmwlth. 307, 405 A.2d 985 (1979), the trial court concluded that the Board falls within Section 1620 and, therefore, the management rights were reserved for the Board and were not negotiable by the Commissioners or arbitrable by the Arbitration Commis-

sion. The trial court granted Commissioners' Motion for Summary Judgment in favor of the Petition. Teamsters now appeal to this Court.[8]

Before this Court, Teamsters argue that: (1) the Commissioners do not have standing to challenge the Award; (2) the reservation of managerial rights clause of Section 1620 does not include the Board; and (3) even if the reservation of managerial rights clause of Section 1620 includes the Board, the Board nonetheless has a duty to negotiate with Teamsters pursuant to PERA.

Prior to analyzing the parties' arguments, it is helpful to discuss the purpose of PERA as it relates to Section 1620. "By enacting PERA the legislature, in an effort to promote orderly and constructive relationships between public employers and their employees, authorized public employees to organize and required public employers to recognize and bargain with the employees' representatives." *County of Lehigh v. Pennsylvania Labor Relations Board,* 507 Pa. 270, 273, 489 A.2d 1325, 1327 (1985). Confusion sometimes arose as to which entity was the proper public employer for purposes of collective bargaining under PERA. For example, in *Costigan v. Local 696, AFSCME,* 462 Pa. 425, 341 A.2d 456 (1975), the Supreme Court held that the City of Philadelphia was indispensable to collective bargaining with respect to employees supervised by

---

5. As part of the Award, the employees represented by Teamsters received a 2% wage increase every 6 months during the term of the collective bargaining agreement.

6. On agreement by the parties, County judges recused themselves.

7. Section 1620 refers to supervisory rights "vested in the judges or other county *officers,*" not "offices." 16 P.S. § 1620 (emphasis added).

8. This Court will review interest arbitration awards under PERA only with regard to: "(1) the question of jurisdiction; (2) the regularity of the proceedings before the Agency; (3) questions of excess in exercise of powers; and (4) constitutional questions." *Fraternal Order of Police, Lodge No. 5 v. City of Philadelphia,* 725 A.2d 206, 209 (Pa.Cmwlth.1999) (quoting *Keystone Raceway Corp. v. State Harness Racing Commission,* 405 Pa. 1, 5–6, 173 A.2d 97, 99 (1961)).

the Register of Wills of Philadelphia because, although the Register of Wills had the authority to supervise and discharge these employees, the City of Philadelphia paid their remuneration and fringe benefits. *Id.* at 434–35, 341 A.2d at 461. With regard to counties, the Supreme Court held that "county commissioners ... act as the managerial representative in proceedings under [PERA], *regardless* of the supervisory authority of another body." *Lycoming County Prison Board,* 405 A.2d at 988 (citing *Commonwealth ex rel. Bradley v. Pennsylvania Labor Relations Board,* 479 Pa. 440, 388 A.2d 736 (1978); *Ellenbogen v. County of Allegheny,* 479 Pa. 429, 388 A.2d 730 (1978); *Sweet v. Pennsylvania Labor Relations Board,* 479 Pa. 449, 388 A.2d 740 (1978)) (emphasis in original). In conjunction with these holdings, Section 1620 makes clear that county commissioners are the sole public employer for purposes of collective bargaining under PERA. *Lycoming County Prison Board,* 405 A.2d at 988–89. Despite the limitation of the joint public employer concept, however, the reservation of managerial rights clause prevents county commissioners from bargaining, without prior authorization from the court of common pleas or relevant county officer, regarding managerial aspects of the principal employer's supervision. *See County of Lehigh,* 507 Pa. at 277, 489 A.2d at 1328 ("Section 1620 explicitly states that the county commissioners are to 'represent judges....' We have interpreted that phrase to mean 'sit on *behalf of judges*' ... The judges are principals in the negotiations.") (emphasis in original). With this background in mind, we now turn to the question of whether the reservation of managerial rights clause applies to prison boards in this case.

■ We first address Teamsters argument that the Commissioners do not have standing to challenge the Award on the grounds that it violates the rights of the Board where the Board is not a party to the case. Teamsters argue that it is a cornerstone of Commissioners' argument that they do not have the authority to bargain on behalf of the Board. If the rights of the Board were infringed by the Award, then it is the Board, not the Commissioners, who were aggrieved by the Award and have standing to appeal it. Commissioners, however, do not argue that they do not have the authority and duty to bargain on behalf of the Board; the Commissioners argue that, while they have the obligation to bargain on behalf of the Board, they do not have the authority to bargain regarding the managerial rights entrusted to the Board by Section 1620.

In *County of Lehigh,* the Pennsylvania Supreme Court stated that:

> Section 1620 explicitly states that the county commissioners are to "represent the judges of the court of common pleas" in negotiations. We have interpreted that phrase to mean "sit on behalf of judges." The judges are principals in the negotiations participating through the county commissioners. Thus[,] the county commissioners are clearly charged with the responsibility of representing the *judges'* managerial interests, as well as their own, in contract negotiations with court-appointed employees.

*County of Lehigh,* 507 Pa. at 277, 489 A.2d at 1328 (quoting *Ellenbogen,* 479 Pa. at 437, 388 A.2d at 734.) Given that Commissioners are acting as agents for the Board in negotiations and arbitrations in this matter, they have an interest in objecting to the Award, which they argue contravenes Section 1620. Therefore, this Court holds that the Commissioners have standing to challenge the Award.

█ Next, we address Teamsters' argument that the reservation of managerial rights clause of Section 1620 does not include the Board because the Board, although composed entirely of *ex officio* County officers, is not itself a County officer. Section 1620 provides, in part, that a "board of county commissioners shall have the sole power and responsibility to represent judges of the court of common pleas, the county and all elected or appointed county officers having any employment powers over the affected employes." 16 P.S. § 1620. However, the reservation of managerial rights clause in Section 1620 provides that "[t]he exercise of such responsibilities by the county commissioners shall in no way affect the hiring, discharging and supervising rights and obligations with respect to such employes as may be vested in the judges or other county officers." *Id.* Pursuant to Section 1731, the Board is made up exclusively of *ex officio* County officers. 61 Pa.C.S. § 1731. As Commissioners point out, Article IX, Section 4 of the Pennsylvania Constitution sets out who are county officers: "County officers shall consist of commissioners, controllers or auditors, district attorneys, public defenders, treasurers, sheriffs, registers of wills, recorders of deeds, prothonotaries, clerks of the courts, and such others as may from time to time be provided by law." Pa. Const. art. 9, § 4. These county offices provided for in Article IX, Section 4 have unique constitutional standing, aptly described as follows:

> [w]ith minor exceptions county row offices have constitutionally protected status. They cannot, for example, be locally or even legislatively abolished. *They were established not by the legislature, but by the Pennsylvania Constitution....* One manifestation of this constitutional status is that their offices cannot be abolished. *See, Lloyd v. Smith,* 176 Pa. 213, 35 A. 199 (1896). Section 1620 of the County Code is written with the purpose and result of acknowledging and protecting the constitutional status of these officers.

*York County v. Teamsters Local 430,* (York County, Nos. 2004–SU–000188–Y08 and 2004–SU–000189–Y08, dated February 23, 2005), slip op. at 16 (internal citations omitted) (emphasis added). As the Court of Common Pleas of York County cogently stated, the reservation of managerial rights clause was drafted by a Legislature mindful of the unique constitutional status of row officers and courts of common pleas. *Id.* Article IX, Section 4 of the Pennsylvania Constitution does not provide that prison boards are county officers. Additionally, Section 1731, which establishes prison boards, also does not provide that prison boards are row officers. 61 Pa.C.S. § 1731. Therefore, per the plain language of Sections 1620, 1731 and Article IX, Section 4, the reservation of managerial rights clause does not apply to prison boards.

Similarly, the cases relied upon by the trial court and the Board, *Fayette I, Franklin County Prison Board,* and *Lycoming County Prison Board,* do not compel a different result. In *Fayette I,* an unpublished opinion of a panel of this Court, we stated that "[t]he interrelationship between the Penal Institution Code and section 1620 of the County Code results in the recognition that under PERA matters affecting the hiring, discharging and supervising of prison employees are not subjects of collective bargaining." *Fayette I,* 1996 Pa. Commw. LEXIS 331 at *11.[9] However, an en banc panel of this

9. In support, this Court relied upon former 61 PS. § 411, Act of May 16, 1921, P.L. 579, § 4, *repealed by* Act of August 11, 2009, P.L. 147 § 11(b), which provided that prison employ-

Court reconsidering *Fayette II* explicitly did "not express an opinion on the question of whether the just cause and arbitration provisions of the collective bargaining agreement conflict with statutes relating to counties and penal institutions, although this issue was argued by several amici curiae as well as by the parties." *Fayette II*, 692 A.2d 274, 277 n. 3. Because *Fayette II* explicitly did not address any potential conflict between the collective bargaining agreement in that case, it is inapposite to the current case.

Commissioners argue that *Franklin County Prison Board* stands for the proposition that management of prison guards is exclusively vested in the prison board and, therefore, the Commissioners do not have the authority to bargain collectively on behalf of the Board with regard to prison guard management. In *Franklin County Prison Board*, the prison board refused to implement the provisions of an interest arbitration award involving salary for union member employees of the prison board. The prison board argued that, under Section 1620, only the county salary board had the authority to set salaries for the prison board's employees and, because the setting of salaries was a legislative action, it could not be compelled by arbitration, pursuant to Section 805 of PERA, 43 P.S. § 1101.805. *Franklin County Prison Board*, 491 Pa. at 54–56, 417 A.2d at 1140–41. The Supreme Court stated that, as between a county salary board and a county prison board:

> The Salary Board has no control over non-financial items, instead, management of the prison guards with respect to these items is vested exclusively with the county prison boards. *See* Act of May 16, 1921, P.L. 579, as amended, 61 P.S. §§ 408 and 409 (supp.1979–80) de-

lineating the respective spheres of authority of the prison board and the salary board with respect to guards at county jails or prisons.

*Id.* at 57, 417 A.2d at 1141. However, the arbitration award was issued prior to the amendment of Section 1620 which gave the Commissioners the power to negotiate collective bargaining agreements and also provided the reservation of managerial rights clause. The parties had stipulated that the prison board was the public employer for bargaining purposes and none of the parties argued that the amendment of Section 1620 should apply to that case. Therefore, the Supreme Court explicitly did not consider whether the county commissioners could serve as the collective bargaining agent for the prison board. *Id.* at 54 n. 1, 417 A.2d at 1140 n. 1. So, *Franklin County Prison Board* only examined the authority of the county salary board to set salaries versus the authority of the prison board, *which was acknowledged to be the negotiating public employer for purposes of arbitration* in setting salaries. Because the parties did not argue that the provisions of Section 1620 at issue in the case at bar applied in *Franklin County Prison Board*, and therefore the Supreme Court did not address those provisions at all in the opinion, *Franklin County Prison Board* is inapposite to the current matter and offers little guidance with regard to the issue of whether the reservation of managerial rights clause applies to prison boards.

Both parties cite *Lycoming County Prison Board* in support of their positions. In *Lycoming County Prison Board*, the prison board began negotiations with the union over a collective bargaining agreement and the matter went to arbitration. During the course of arbitration, the Leg-

---

ees could be suspended or discharged by a prison board. A similar provision is currently

found at Section 1736 of the Prisons and Parole Code, 61 Pa.C.S. § 1736.

islature amended Section 1620 to provide that county commissioners are to negotiate on behalf of county employers. As a result, the prison board sought to have the arbitration panel dissolved on the grounds that it was not the correct public employer. The union filed an unfair labor practice with the Pennsylvania Labor Relations Board (PLRB) and the PLRB found in favor of the union. The trial court, on appeal, found the prison board and the county commissioners to be joint public employers. After examining the history and purposes behind the amendment of Section 1620 in designating county commissioners as the bargaining agents for county employers, this Court held that the county commissioners were the exclusive public bargaining employer for conducting union negotiations, rather than the prison board or the prison board and the county commissioners jointly, stating "[w]hatever concern [the PLRB and the union] have for representing Prison Board interests at bargaining must bow to this expressed view of legislative intent, and any arguable adverse impact is mollified by the fact that the County Commissioners will necessarily approach the bargaining table with attributes of Prison Board membership." *Lycoming County Prison Board*, 405 A.2d at 989. Thus, despite the language in the amended Section 1620 that "[t]he exercise of such responsibilities by the county commissioners shall in no way affect the hiring, discharging and supervising rights and obligations with respect to such employes as may be vested in the judges or other county officers," 16 P.S. § 1620 (quoted in *Lycoming County Prison Board*, 405 A.2d at 986), this Court held that the county commissioners were the exclusive bargaining employer on behalf of the prison board. Moreover, in reaching its holding, this Court rejected an argument very similar to the Commissioners' argument in this case that, because the

Board is composed of County officers, the Board should be considered to be covered by the last sentence of Section 1620. In *Lycoming County Prison Board*, this Court also rejected an argument by the PLRB and the union that, because the commissioners were members of the prison board, it was immaterial that they had not been part of the arbitration. It is implicit in this holding that a prison board is a separate entity from the *ex officio* officials who compose it.

For these reasons, we conclude that the reservation of managerial rights clause of Section 1620 does not apply to the Board, and the Arbitration Panel did not err in addressing the managerial issues objected to by Commissioners. We, therefore, reverse the Order of the trial court.

Judge BROBSON did not participate in the decision in this case.

### ORDER

**NOW,** November 21, 2011, the Order of the Court of Common Pleas of Dauphin County is hereby **REVERSED.**