514 A.2d 223

The Board of Governors of the State System of Higher Education and the Commonwealth of Pennsylvania, Petitioners *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Respondent.

Association of Pennsylvania State College and University Faculties, Petitioners *v.* Pennsylvania Labor Relations Board, the Board of Governors of the State System of Higher Education, Respondents.

Argued November 13, 1985, before President Judge CRUMLISH, JR., and Judges ROGERS, CRAIG, MACPHÁIL, DOYLE, COLINS and PALLADINO.

*Wayne M. Richardson,* for petitioner/intervenor, Board of Governors of the State System of Higher Education.

*Lynne M. Mountz,* Deputy Chief Counsel, with her, *John D. Raup,* Chief Counsel, for petitioner/intervenor, Commonwealth of Pennsylvania.

*James L. Cowden, Handler, Gerber, Johnston, Strokoff,* & *Cowden,* for petitioner/intervenor, Association of Pennsylvania State College and University Faculties.

*John B. Neurohr,* with him, *James L. Crawford* and *Jack Knorr,* for respondent, Pennsylvania Labor Relations Board.

OPINION BY JUDGE PALLADINO, August 8, 1986:

This case presents cross appeals by the Board of Governors of the State System of Higher Education (SSHE), the Commonwealth of Pennsylvania (Commonwealth), and the Association of Pennsylvania State College and University Faculties (Association) from an order of the Pennsylvania Labor Relations Board (PLRB) which: (1) certified the Commonwealth as the public employer of the professional and managerial employes of SSHE under Section 301(1) of the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.301; and (2) ordered that SSHE, through its chancellor, is the entity authorized to conduct collective bargaining negotiations with representatives of the professional and managerial employes under The State System of Higher Education Act (SSHE Act), Act of November 12, 1982, P.L. 660, *as amended,* 24 P.S. §§20-2001-A—20-2017-A. We reverse.

Prior to the enactment of the SSHE Act, the Commonwealth was certified by the PLRB as the public employer with respect to all managerial and professional employes[1] of the thirteen state colleges and the Indiana

---

[1] The two bargaining units were certified as follows:
In a subdivision of the employer unit comprised of all department chairmen, full-time teaching faculty (including librarians with faculty status), part-time teaching faculty,

University of Pennsylvania, pursuant to Section 301 of PERA. These certifications obligated the Commonwealth to bargain collectively with respect to wages, hours and other terms and conditions of employment. *See* Sections 101 and 701 of PERA, 43 P.S. §§1101.101, 1101.701.

The SSHE Act, which became effective on July 1, 1983, contains the following provisions:

'Employer' shall mean the Board of Governors of the State System of Higher Education as the *successor employer to the Commonwealth of Pennsylvania.*

24 P.S. §20-2001-A(7) (emphasis added);

Collective bargaining agreements in force at the time of enactment of this act shall remain in force for the term of the contract. *New collective bargaining agreements with professional employes shall be negotiated on behalf of the system by the chancellor. The Board shall make a coalition bargaining arrangement with the Commonwealth for the negotiation of new collective*

---

and librarians without faculty status employed by the employer at the thirteen (13) state colleges and at Indiana University of Pennsylvania.

Certification Order PERA-R-775-C (hereinafter referred to as professional employes); and

In a subdivision of the employer unit comprised of all professional employes of the 13 State Colleges and Indiana University of Pennsylvania who are engaged in the administrative operation of the school, and shall exclude all department chairmen, full-time teaching faculty (including librarians with faculty status), part-time teaching faculty, and librarians without faculty status; and further excluding supervisors, first level supervisors and management employes as defined in Act 195.

Certification order PERA-R-1354-C (hereinafter referred to as managerial employes).

> *bargaining agreements with noninstructional employes.*

24 P.S. §20-2003-A(c) (emphasis added); and

> *The chancellor shall negotiate or cause to be negotiated on behalf of the Board and subject to its final approval collective bargaining agreements* pursuant to the Act of July 23, 1970 (P.L. 563, No. 195), known as the Public Employe Relations Act in accordance with Section 2003-A of this act.

24 P.S. §20-2005-A(11).

On the basis of this statutory language, SSHE and the Commonwealth filed a petition with the PLRB requesting that the certifications of the managerial and professional bargaining units of the state colleges and the Indiana University of Pennsylvania be amended to substitute SSHE in place of the Commonwealth as the public employer. The Association filed a letter with the PLRB opposing the requested amendment asserting that the Commonwealth continues to exercise control over important aspects of the terms and conditions of employment of the managerial and professional employes of the state colleges and, therefore, the Commonwealth and SSHE should be designated as joint public employers of these bargaining units. After a hearing, a PLRB hearing examiner filed a proposed order concluding that the certifications be amended to name SSHE as the public employer. The Association filed exceptions and, on January 18, 1985, the PLRB issued a final order holding that the Commonwealth is the public employer of professional and managerial employes of SSHE but that SSHE, by and through the office of chancellor, is the entity authorized to conduct collective bargaining negotiations. The Commonwealth, SSHE and the Association all appeal the PLRB order.

The Association argues that the PLRB erred in not designating SSHE and the Commonwealth as joint public employers because SSHE is the ultimate authority with respect to hiring, firing and directing the professional and managerial employes, while the Commonwealth controls other important aspects of the employment relationship such as fringe benefits and funding. The Commonwealth and SSHE argue that the legislative intent is clear that SSHE alone be designated as the public employer and that this intent is controlling upon the PLRB and the judiciary. We agree with the position advanced by SSHE and the Commonwealth.

The purpose of statutory interpretation is to ascertain and effectuate the intention of the General Assembly. 1 Pa. C. S. §1921(a). When the words of a statute are clear and free from all ambiguity, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit. 1 Pa. C. S. §1921(b). Sections 2001-A(7), 2003-A(c), and 2005-A(1) of the SSHE Act specifically state the legislature's intention that SSHE's Board of Governors, through its chancellor, shall negotiate with professional employes on behalf of SSHE. The legislature's intention that SSHE be the public employer is further evidenced by the legislature's definition of employer in the SSHE Act as "the Board of Governors of the State System of Higher Education as the *successor employer* to the Commonwealth." 24 P.S. §20-2001-A(7) (emphasis added). The denomination of SSHE as the successor employer clearly indicates that the legislature intended to replace the Commonwealth as employer.

We are unpersuaded by the PLRB's argument that the definition of "employer" contained in the SSHE Act is not determinative of who is the "public employer" for purposes of PERA. While we agree that generally definitions cannot be equated between different pieces

of legislation, *see School District of Township of Mill-creek v. Millcreek Education Association,* 64 Pa. Commonwealth Ct. 389, 440 A.2d 673 (1982), we conclude that the general rule does not apply to this case. Our conclusion is based upon an analysis of PERA. PERA defines "public employer" as:

> The Commonwealth of Pennsylvania, its political subdivisions including school districts and any officer, board, commission, agency, authority, or other instrumentality thereof and any nonprofit organization or institution and any charitable, religious, scientific, literary, recreational, health, educational or welfare institution receiving grants or appropriations from local, State or Federal governments. . . .

43 P.S. §1101.301(1).

Thus, PERA contemplates that an entity of lesser magnitude than the Commonwealth may be a public employer, even though any board, commission or agency of the Commonwealth will be subject to the control of the Commonwealth's budgetary process to supply funds necessary to implement a collective bargaining agreement. More importantly, the purpose of designating a particular entity as the public employer under PERA is to impose upon that entity the obligation to bargain collectively with the employe representative. *See* 43 P.S. §§1101.101, 1101.701.

Under the SSHE Act, the legislature has not only defined employer as the Board of Governors of SSHE, but has also imposed the duty of negotiating collective bargaining agreements upon the Board of Governors through its chancellor. 24 P.S. §§20-2001-A(7), 20-2003-A(c). Because the purpose of designating a public employer under PERA is to impose the duty to bargain collectively and this duty has been specifically imposed by the legislature upon SSHE by the SSHE Act, we

hold that the PLRB erred in designating the Commonwealth as the public employer with respect to the bargaining units at issue in this case.

Neither are we persuaded by the Association's argument, which was accepted by the PLRB, that because the Commonwealth controls significant aspects of the employment relationship it must be named as a joint employer. In the SSHE Act, the legislature specifically provided that with respect to non-instructional employes the Board of Governors of SSHE shall arrange for coalition bargaining with the Commonwealth. 24 P.S. §20-2003-A(c). The effect of this provision is to require SSHE and the Commonwealth to bargain jointly with all of the employes in the bargaining unit consisting of non-instructional employes. *See* 24 P.S. §20-2001-A(3). Thus, the legislature distinguished between negotiations with professional employes, which are to be conducted solely by SSHE, and negotiations with noninstructional employes which are to be conducted jointly by SSHE and the Commonwealth. Because every statute must be construed to give effect to all of its provisions, 1 Pa. C. S. §1921(a), we cannot ignore this clear legislative mandate. We must therefore conclude that the Commonwealth and SSHE are not joint employers, and are not required to negotiate jointly with respect to professional and managerial employes.[2]

---

[2] Professional employe is defined by the SSHE Act as follows: For the purposes of this act, professional employe means any employe whose work:

(i) is predominately intellectual and varied in character;

(ii) requires consistent exercise of discretion and judgment;

(iii) requires knowledge of an advanced nature in the field of science or learning customarily acquired by specialized study in an institution of higher learning or its equivalent; and

Finally, we must note that the Association's reliance on the Pennsylvania Supreme Court case of *Costigan v. Philadelphia Finance Department Employees, Local 696, AFSCME,* 462 Pa. 425, 341 A.2d 456 (1975) is misplaced. The *Costigan* Court held that where both the City of Philadelphia and the Register of Wills exercised independent control over the employment relationship, both parties must be deemed public employers for purposes of PERA. *Id.* at 435; 341 A.2d at 461. This holding, however, was reached on the basis of the Court's interpretation of PERA prior to the legislature's pronouncement that county commissioners shall be the exclusive bargaining agent for the county and all elected or appointed county officials. *See* Section 1620 of the County Code, Act of June 29, 1976, P.L. 460, *as amended,* 16 P.S. §1620. In the series of cases known as *Sweet II*[3] the Pennsylvania Supreme Court held that the legislature's designation of the county commissioners as the exclusive bargaining agent for all county employers was dispositive. *See Ellenbogen v. County of Allegheny,* 479 Pa. 429, 388 A.2d 730 (1978).

The concerns addressed by the Supreme Court in *Costigan* and the *Sweet II* cases are distinguishable from the case at bar. In the former cases the factual

(iv) is of such character that the output or result accomplished cannot be standardized in relation to a given period of time.

24 P.S. §20-2001-A(11). By virtue of this definition, we conclude that managerial employes are considered professional rather than non-instructional employes for purposes of this distinction.

[3] *Sweet II* refers to the following companion cases: *Ellenbogen; Commonwealth ex rel. Bradley v. Pennsylvania Labor Relations Board,* 479 Pa. 440, 388 A.2d 736 (1978); *Sweet v. Pennsylvania Labor Relations Board,* 479 Pa. 449, 388 A.2d 740 (1978); *Board of Judges v. Bucks County Commissioners,* 479 Pa. 457, 388 A.2d 744 (1978); and *Board of Judges v. Bucks County Commissioners,* 479 Pa. 455, 388 A.2d 743 (1978).

situation was one in which the county row officers and the judiciary had the authority to hire, fire and direct the work of their employes, while only the county commissioners had the authority to set and pay salaries and fringe benefits. In the case at bar, however, the Board of Governors of SSHE has authority to establish personnel policies,[4] to negotiate collectively with professional and managerial employes and to coordinate, review, amend and approve the annual operating budget. *See* 24 P.S. §§20-2003-A(3), 20-2006-A(4), (7) and (8). The situation of direct joint control over the employment relationship does not exist. The control exercised by the Commonwealth, through the General Assembly and the Governor, which must appropriate the funds to implement an agreement negotiated by SSHE, is not the type of direct control over the employment relationship which may require the Commonwealth to be designated as a joint employer. Nor does the fact that the current collective bargaining agreement incorporates fringe benefits provided by the Commonwealth render

---

[4] We note that Section 2010-A(1) of the SSHE Act provides that the president of each institution shall have the power and duty:
> Except insofar as such matters are governed by collective bargaining agreements entered pursuant to the Act of July 23, 1970 (P.L. 563, No. 195), known as the 'Public Employe Relations Act,' and subject to the policies of the Board, to appoint such employes, professional and noninstructional, graduate assistance, etc. as necessary, to fix the salaries and benefits of employes, professional and noninstructional, and to establish policies and procedures governing employment rights, promotion, dismissal, tenure, leaves of absence, grievances and salary schedules.

24 P.S. §20-2010-A(1).
The parties do not argue, however, that this provision reduces the authority of the Board of Governors to collectively bargain with the professional employes of the institutions. We, therefore, do not address this issue.

the Commonwealth the public employer because, as the PLRB states, the Association and SSHE are not obligated to continue these provisions in future agreements.

The legislature has determined that SSHE is the entity best suited to bargain with the professional and managerial employes and has given SSHE direct control over the employment relationship. This legislative determination is dispositive. Accordingly, we reverse the order of the PLRB and order that SSHE be designated as the sole public employer of the professional and managerial employes of the state colleges and the Indiana University of Pennsylvania.

ORDER

AND NOW, August 8, 1986, the order of the Pennsylvania Labor Relations Board, at Case No. PERA-U-83-574-E, dated January 8, 1985, is reversed and the Pennsylvania Labor Relations Board is ordered to designate the Board of Governors of the State System of Higher Education as the public employer of the professional and managerial employes of the state colleges and the Indiana University of Pennsylvania.