537 A.2d 108

Conference of Pennsylvania College Police Officers, Fraternal Order of Police, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Respondent.

Argued November 18, 1987, before President Judge CRUMLISH, JR., and Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Anthony C. Busillo, II,* for petitioner.

*John Best Neurohr,* with him, *James L. Crawford* and *Scott A. Brooks,* for respondent.

*Frank A. Fisher, Jr.,* Deputy Chief Counsel, with him, *John D. Raup,* Chief Counsel, for intervenor, State System of Higher Education.

*Michael H. Small, Farrell & Small,* Of Counsel, *W. Glen Jeakle, II, Gregory, Van Lopik, Moore & Jeakle,* for intervenor, International Union, United Plant Guard Workers of America (UPGWA).

OPINION BY JUDGE DOYLE, February 12, 1988:

Before us for our review is an order of the Pennsylvania Labor Relations Board (Board) which dismissed a petition for investigation and certification of representatives filed by the Conference of Pennsylvania College Police Officers, Fraternal Order of Police (Petitioners)[1] after concluding that it lacked jurisdiction over Petitioners because their employer did not fall within the category of employers covered by the Act of June 24, 1968, P.L. 237, 43 P.S. §§217.1-217.10 (Act 111).

---

[1] Petitioners are police employees of the state colleges and universities of Pennsylvania.

After Petitioners brought their petition, the hearing examiner determined that there was a unit appropriate for collective bargaining.[2] The Commonwealth, which was the named employer, was directed to submit a list of employees within the unit. An election of officers was conducted. On February 28, 1983 the Board issued a nisi order of certification certifying the Fraternal Order of Police as the exclusive representative of the group. The Fraternal Order of Police then filed a motion to reopen the record and the Board subsequently directed a remand to consider certain changed circumstances and whether such changes would affect the status of certain employees who had been excluded from the bargaining unit.

On August 23, 1983 the Commonwealth filed a "motion to dismiss and substitute new employer," *i.e.*, the State System of Higher Education (SSHE). SSHE also filed a motion to dismiss on that date.

SSHE was created by Section 2002-A of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §20-2002-A. In understanding why the Commonwealth's motion to substitute a new employer was filed when it was, it is important to understand that Section 2002-A was added to the Code by Section 2 of the Act of November 12, 1982, P.L. 660, which became effective July 1, 1983.

Section 2002-A provides in pertinent part:
[T]here is hereby established a body corporate and politic constituting a public corporation and government instrumentality which shall be known as the State System of Higher Education, independent of the Department of Education.
. . .

---

[2] The United Plant Guard Workers of America (UPGWA) intervened in the action and filed various motions. UPGWA's participation is not relevant for purposes here.

In their respective motions to dismiss the Commonwealth and SSHE contended that as an "instrumentality" of the Commonwealth SSHE was not a public employer under Act 111 and, hence, that Petitioner's petition should be dismissed for lack of jurisdiction. Petitioners filed answers and the motions were directed to be considered at the remand hearing. The hearing was held and Petitioners later filed another motion to reopen the record, again due to changed circumstances. This motion was opposed by the Commonwealth and SSHE. The hearing examiner on January 18, 1984 granted the Commonwealth's motion to dismiss and substitute new employer, granted Petitioners' motion to reopen, and denied SSHE's motion to dismiss. An additional hearing was held which considered the merits of the certification. Exceptions were filed by both parties. The Board, in reviewing the hearing examiner's decision, concluded that SSHE was not an employer under Act 111 and dismissed the petition. The single issue which we must resolve is whether SSHE is an employer within the purview of Act 111.

Our scope of review of a Board order is limited to determining whether there has been a constitutional violation or an error of law and whether the findings of fact are supported by substantial evidence. *Harbaugh v. Pennsylvania Labor Relations Board,* 107 Pa. Commonwealth Ct. 406, 528 A.2d 1024 (1987).

Pursuant to Section 1 of Act 111, 43 P.S. §217.1, policemen or firemen "employed by a political subdivision of the Commonwealth or by the Commonwealth" are given the right to bargain collectively under the dictates of Act 111. We note that there is a two part test to ascertain Act 111 jurisdiction. The employees must be police or fire persons within the meaning of the Act *and* the employer must be one which the legislature intended to be covered by the Act. *Philadelphia Housing*

*Authority v. Pennsylvania Labor Relations Board*, 508 Pa. 576, 499 A.2d 294 (1985). We are concerned today only with the second inquiry, *i.e.*, whether the employer is one which is covered by Act 111. Petitioners do not contend that SSHE is a political subdivision; they do, however, assert that it is "the Commonwealth" and thus our analysis of the question will be restricted to that narrow point.

The hearing examiner, relying upon SSHE's designation as a "public corporation" and a "government instrumentality," and further relying upon the fact that SSHE's board is composed of the Governor and the Secretary of Education and fourteen members appointed by the Governor,[3] concluded that it was "the Commonwealth" for purposes of Act 111 jurisdiction. As was previously noted, the Board rejected this determination. In so doing, it relied primarily upon *Philadelphia Housing*. The precise issue in *Philadelphia Housing* was whether the Philadelphia Housing Authority was an employer for purposes of Act 111. The Housing Police Association maintained that the Philadelphia Housing Authority was *an agency* of the Commonwealth and, hence, within Act 111 jurisdiction. The Supreme Court, after engaging in an analysis involving statutory construction, rejected the notion that an agency of the Commonwealth is "the Commonwealth" for purposes of Act 111 jurisdiction. Significantly for our purposes, the Philadelphia Housing Authority's enabling legislation defined it as a "public body, corporate and politic, exercising public powers of the Commonwealth as an agency thereof." *Id.* at 587 n. 5, 499 A.2d at 300 n. 5. Even more telling, however, is the *Philadelphia Housing* Court's concluding language which held, "we are satisfied that, from the plain and unambiguous language of Section 1 of Act 111, the term "Commonwealth" as used therein refers only to the Commonwealth of Pennsylva-

nia and not to its agencies, authorities, or other component entities and *instrumentalities." Id*. at 590, 499 A.2d at 301 (emphasis added). SSHE is, by statute, an instrumentality of the Commonwealth, and, hence, it is not within Act 111 jurisdiction. *Philadelphia· Housing*. Although Petitioners argue that because SSHE programs are subject to state audits and because SSHE employees are entitled to membership in Commonwealth retirement systems SSHE is the Commonwealth, the fact is that *Philadelphia Housing* dictates a contrary result.[4]

Petitioners' other contention is that SSHE and the Commonwealth are joint employers. This issue was not raised below and, hence, is waived on appeal. *See* Pa. R.A.P. 1551.

Based upon the foregoing opinion, the order of the Board is affirmed.

### ORDER

Now, February 12, 1988, the order of the Pennsylvania Labor Relations Board in the above-captioned matter is hereby affirmed.

---

[3] *See* Section 2004-A of the Code, 24 P.S. §20-2004-A. Section 2004-A was added to the Code by Section 2 of the Act of November 12, 1982, P.L. 660.

[4] Additionally, we note that our resolution of this issue is consistent with our opinion in *Board of Governors of the State System of Higher Education v. Pennsylvania Labor Relations Board*, 99 Pa. Commonwealth Ct. 520, 514 A.2d 223 (1986) wherein we held that for purposes of Section 301 of the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.301, SSHE was a successor employer to the Commonwealth and, *a fortiori*, not the Commonwealth.